UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LOIDA NICOLAS LEWIS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Civil Action No. _____ |
| | ) |
| BROADCASTURBAN FILMWORKS, L.L.C., | ) |
| | ) |
| Respondent. | ) |

### VERIFIED PETITION TO CONFIRM ARBITRATION AWARD

Petitioner, Loida Nicolas Lewis ("Lewis"), by counsel, hereby moves this Court, pursuant to the Federal Arbitration Act, 9 U.S.C. § 9, and D.C. Code § 16-4422, for an Order confirming the award rendered March 30, 2013. In support of this Petition, Lewis states as follows:

### PARTIES, JURISDICTION AND VENUE

1. Lewis is, and at all times mentioned in this petition was, a resident of Manhattan, New York.

2. Lewis is the sole and exclusive owner of an original literary property written by Reginald F. Lewis and Blair S. Walker, entitled "Why Should White Guys have All the Fun?" (the "Literary Property").

3. Upon information and belief, BroadcastUrban, is, and at all relevant times was, a limited liability company organized and existing under the laws of the State of Delaware, with its principal place of business in Washington, D.C. Upon information and belief, BroadcastUrban is in the business of streaming media via the Internet.

4.      This Court has jurisdiction over this action pursuant to 9 U.S.C. § 9, and pursuant to 28 U.S.C. § 1332(a) because the parties are citizens of different states and the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

5.      Venue is proper pursuant to 9 U.S.C. § 9 because the respondent maintains its principal place of business in the District of Columbia and pursuant to the subject arbitration agreement, and pursuant to 28 U.S.C. § 1331(b).

## GENERAL ALLEGATIONS

6.      Pursuant to a written contract, Lewis granted BroadcastUrban an option for the rights to develop a motion picture based upon the Option/Literary Purchase Agreement (the "Option Agreement"). A copy of the Option Agreement and corresponding Literary Purchase Agreement (collectively, the "Agreements") are attached hereto as **Exhibit A to the Affidavit of Kevin A. Fritz, Esq. ("Fritz Affid."), which is attached hereto as Exhibit 1**.

7.      Paragraph 13 of the Option Agreement, and Paragraph 20 of the Purchase Agreement both provide:

> This Agreement shall be interpreted in accordance with the laws of the…District of Columbia, applicable to agreements executed and to be wholly performed therein. Any controversy or claim arising out of or in relation to this Agreement or the validity, construction or performance of this Agreement or the breach thereof, shall be resolved by arbitration in accordance with the rules and procedures of the American Film Marketing Association (AFMA) as said rules may be amended from time to time with rights of discovery if requested by the arbitrator. Such rules and procedures are incorporated and made a part of this Agreement by reference. If AFMA shall refuse to accept jurisdiction of such dispute, then the parties agree to arbitrate such matter before and in accordance with the rules of the American Arbitration Association under its jurisdiction in [the] District of Columbia before a single arbitrator familiar with entertainment law. The parties shall have the right to engage in pre-hearing discovery in connection with such arbitration proceedings. The parties agree hereto that they will abide by and perform any award rendered in any arbitration conducted pursuant

hereto, that any court having jurisdiction thereof may issue a judgment based upon such award and that the prevailing party in such arbitration and/or confirmation proceeding shall be entitled to recover its reasonable attorneys' fees and expenses. The arbitration will be held in District of Columbia and any award shall be final, binding and non-appealable. The Parties agree to accept service of process in accordance with the AFMA Rules.

8. Subsequent to execution of the Agreements, a dispute arose as to whether the rights granted by the Agreements had reverted back to Lewis.

9. In June 2012, BroadcastUrban commenced an arbitration proceeding with the Independent Film & Television Alliance[1] ("IFTA") against Lewis.

10. Michael L. Novicoff was appointed by IFTA to serve as the arbitrator (the "Arbitrator").

11. An evidentiary hearing was held on November 13, 14, 15 and 16, 2012. The parties presented sworn testimony from multiple witnesses and presented documentary and other tangible evidence.

12. On January 14, 2013, the Arbitrator issued an Interim Award determining that the rights licensed to BroadcastUrban under the Agreements had reverted back to Lewis and that Lewis, as the prevailing party, was entitled to reimbursement of her attorneys' fees and costs. A true and correct copy of the Interim Award is attached hereto as **Fritz Affid., Exhibit B**.

13. On March 20, 2013, the Arbitrator issued a Final Award that adopted the Interim Award in full and which awarded Lewis "the total sum of $129,375.92, which amount is due and payable on the date of this Final Arbitration Award and upon which interest shall accrue from the date prescribed by the D.C. Code §28-3302(c)." A true and correct copy of the Final Award is attached hereto as **Fritz Affid., Exhibit C**.

---

[1] IFTA was formerly known as AFMA and the American Film Marketing Association.

14. The Final Award is final and binding. BroadcastUrban did not seek any medication or correction of the Final Award within the 30 days provided under Rule 12.4 of the IFTAS Rules.

15. Despite demand, BroadcastUrban has not paid Lewis any portion of the $129,375.92. *See*, **Fritz Affid., Exhibit 1**.

16. Pursuant to Paragraph 13 of the Option Agreement, and Paragraph 20 of the Purchase Agreement, Lewis this Court "may issue a judgment based upon such award and that the prevailing party in such arbitration and/or confirmation proceeding shall be entitled to recover its reasonable attorneys' fees and expenses."

17. Lewis has incurred reasonable attorney's fees and costs in preparing this Petition in the amount of $8,875.89, as set forth in the **Fritz Affid., Exhibit 1**, and the Affidavit of Jeffrey M. Mervis, Esq., attached hereto as **Exhibits 2**.

WHEREFORE, Petitioner requests that judgment be entered as follows:

1. Confirming the Final Award in its entirety;

2. In favor of Lewis and against BroadcastUrban for the sum of $129,375.92, with interest from March 21, 2013 until paid at the rate prescribed by D.C. Code § 28-3302(c);[2]

---

[2] D.C. Code 28-3302(c) provides in relevant part: "The rate of interest on judgments and decrees, where the judgment or decree is not against the District of Columbia, or its officers, or its employees acting within the scope of their employment or where the rate of interest is not fixed by contract, shall be 70% of the rate of interest set by the Secretary of the Treasury pursuant to section 6621 of the Internal Revenue Code of 1986, approved October 22, 1986 (100 Stat. 2744; 26 U.S.C. § 6621), for underpayments of tax to the Internal Revenue Service, rounded to the nearest full percent, or if exactly 1/2 of 1%, increased to the next highest full percent; provided, that a court of competent jurisdiction may lower the rate of interest under this subsection for good cause shown or upon a showing that the judgment debtor in good faith is unable to pay the judgment." Currently the rate of interest pursuant to section 6621 or the Internal Revenue Code of 1986 is 3% per annum. The current judgment rate of interest, therefore, is 2.1%

3. In favor of Lewis for the reasonable attorneys' fees pursuant to Paragraph 13 of the Option Agreement and Paragraph 20 of the Purchase Agreement, in the amount of $8,875.89, plus court costs in the amount of $400.00;

4. For court costs incurred in collection of the judgment; and

5. For such other and further relief as the Court considers just and proper.

                                               Jeffrey M. Mervis, DC Bar No. 426257
The Sack Law Firm, PC
8270 Greensboro Drive, Suite 810
McLean, VA 22102
Tel: 703-883-0102
Fax: 703-883-0108
Email: jmm@sacklaw.com
*Counsel for petitioner, Loida N. Lewis*

### CERTIFICATE OF SERVICE

I hereby certify that on June 13, 2013, 2013, I caused a copy of the foregoing Petition to be emailed and mailed, first class, postage prepaid, to:

                    Daniell K. Newman, Esq.
Greenberg Traurig, LLP
1840 Century Park East, Suite 1900
Los Angeles, CA 90067
newmandk@gtlaw.com
*Counsel for respondent, UrbanBroadcast FilmWorks, LLC*

                                               Jeffrey M. Mervis, DC Bar # 426257
The Sack Law Firm, P.C.
8270 Greensboro Drive, Suite 810
McLean, Virginia 22102
(703) 883-0102 (Office)
(703) 883-0108 (Facsimile)
Email: jmm@sacklaw.com
*Counsel for petitioner, Loida N. Lewis*