UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

LOIDA NICOLAS LEWIS,

     Petitioner,

     v.

BROADCASTURBAN FILMWORKS,
LLC,

     Respondent.

Civil Action No. 13-897 (JDB)

## ORDER

     Petitioner Loida Nicolas Lewis ("Lewis") brings this action to confirm an arbitration award.  The arbitration award was entered against respondent BroadcastUrban Filmworks, LLC ("BroadcastUrban") by an arbitrator in the District of Columbia, pursuant to a contract between the parties relating to the film and television rights to a literary work by Lewis.  Before the Court is [1] Lewis's petition to confirm the arbitration award ("the Petition"), which seeks a confirmation order from this Court under the Federal Arbitration Act and the District of Columbia Revised Uniform Arbitration Act,[1] and an award of reasonable attorney's fees for preparation of the Petition.  BroadcastUrban concedes that the arbitration award is eligible for confirmation under the Federal Arbitration Act and its D.C. equivalent, and contests only the request for attorney's fees.  See Resp. to Pet. [ECF No. 2] ¶ 2.  Upon consideration of the parties' submissions, applicable law, and the entire record herein, and for the reasons set forth below, the

---

[1] The arbitration took place in the District of Columbia, and the arbitration contract states that D.C. law applies.  Pet. ¶ 7.  Therefore, the D.C. Revised Uniform Arbitration Act provides the substantive law to govern this dispute.  The Court has subject-matter jurisdiction because the parties are completely diverse, and the amount in controversy exceeds $75,000.  See 28 U.S.C. § 1332(a); Pet. ¶ 4.

Court will grant Lewis's petition, confirm the Final Arbitration Award in its entirety, and award reasonable attorney's fees.

**I. The Final Arbitration Award**

The Petition requests that "judgment be entered . . . [c]onfirming the Final Award in its entirety," and "[i]n favor of Lewis and against BroadcastUrban for the sum of $129,375.92," plus "interest from March 21, 2013 until paid at the rate prescribed by D.C. Code § 28-3302(c)." Pet. at 4. BroadcastUrban's response only "denies paragraphs 16 and 17 of the Petition," as well as "paragraph 3 of the Petition's ad damnum clause," Resp. to Pet. ¶ 2—that is, BroadcastUrban only contests Lewis's request for attorney's fees. By filing a response (and a sur-reply, see [ECF No. 7]) that addresses only a small portion of Lewis's request, BroadcastUrban has conceded the propriety of the rest of the Petition.

This concession is not surprising, because the Final Arbitration Award is clear that Lewis is entitled to a judgment in the amount of $129,375.92. See Pet. ¶ 13; Ex. C to Fritz Aff. [ECF No. 1-4]. Hence, the Court will enter judgment confirming the Final Arbitration Award in its entirety, consistent with the Federal Arbitration Act and the D.C. Revised Uniform Arbitration Act. See 9 U.S.C. § 9 ("[A]t any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order."); D.C. Code § 16-4422 ("After a party to an arbitration proceeding receives notice of an award, the party may make a motion to the court for an order confirming the award at which time the court shall issue a confirming order."); see also LaPrade v. Kidder, Peabody & Co., Inc., 94 F. Supp. 2d 2, 4 (D.D.C. 2000) ("[P]ublic policy favors leaving arbitration awards untouched."), aff'd, 246 F.3d 702 (D.C. Cir. 2001).

**II.  Lewis's Fee Request**

Lewis also requests $8,875.89 in attorney's fees.  BroadcastUrban opposes this request. The Court has the discretion to award reasonable attorney's fees under D.C. Code § 16-4425(c), which provides that, "[o]n application of a prevailing party," the Court "may add reasonable attorney's fees and other reasonable expenses of litigation incurred in a judicial proceeding after the award is made to a judgment confirming . . . an award."  Accord Affinity Fin. Corp. v. AARP Fin., Inc., 794 F. Supp. 2d 117, 123 (D.D.C. 2011), aff'd, 468 F. App'x 4 (D.C. Cir. 2012).  The D.C. Code uses the word "may," but the parties' contract provides for a fee award in mandatory terms: "the prevailing party" in a "confirmation proceeding shall be entitled to recover its reasonable attorneys' fees and expenses."  Pet. ¶ 7 (emphasis added).  Although not bound by the parties' agreement, the Court finds it appropriate, in its discretion, to award reasonable attorney's fees to the prevailing party, in light of the parties' contract explicitly contemplating such an award.  Hence, the Court will grant Lewis's fee request to the extent it is "reasonable" under D.C. Circuit precedent.

"The D.C. Circuit 'has been very explicit about what documentation is necessary to recover attorneys fees.'"  Elec. Privacy Info. Ctr. v. DHS, No. 11-2261, 2013 WL 6047561, at *7 (D.D.C. Nov. 15, 2013) (quoting Weisberg v. Webster, 749 F.2d 864, 872 (D.C. Cir. 1984)). The party seeking attorney's fees must provide "contemporaneous, complete and standardized time records which accurately reflect the work done by each attorney."  Nat'l Ass'n of Concerned Veterans v. Sec'y of Def., 675 F.2d 1319, 1327 (D.C. Cir. 1982).  "Casual, after-the-fact estimates of time expended on a case are insufficient to support an award of attorneys' fees."  Id. And "a reasonable hourly fee is determined 'according to the prevailing market rates in the

relevant community."  Judicial Watch, Inc. v. DOJ, 774 F. Supp. 2d 225, 232 (D.D.C. 2011) (quoting Blum v. Stenson, 465 U.S. 886, 895 (1984)).

With one small exception, Lewis's fee request is "reasonable" under these standards.  It is supported by contemporaneous time records, which allow the Court to easily assess the time expended on this matter.  See Ex. A to Supp. Aff. of Kevin A. Fritz [ECF No. 5-1]; Ex. A to Supp. Aff. of Jeffrey M. Mervis [ECF No. 5-2].  And the hourly rates charged by each attorney appear to be consistent with "prevailing market rates," as confirmed by affidavits from counsel. See Aff. of Kevin A. Fritz [ECF No. 1-1] ¶¶ 10-13; Supp. Aff. of Kevin A. Fritz ¶¶ 5-6; Supp. Aff. of Jeffrey M. Mervis ¶¶ 3, 6; see also Huntley v. District of Columbia, 860 F. Supp. 2d 53, 56 (D.D.C. 2012) ("An attorney's usual billing rate may be considered the 'reasonable rate' if it accords with the rates prevailing in the community for similar services by lawyers possessing similar skill, experience and reputation.").

Although BroadcastUrban makes a handful of small, highly specific objections (primarily to individual billing entries),[2] the Court finds them all to be unpersuasive—save one. BroadcastUrban points to a billing entry that lists 1.75 hours for four different activities, one of which is "Determination on whether agreement is confidential for responding to Jamie Foxx." See Ex. A to Supp. Aff. of Kevin A. Fritz, at 4.  The Court cannot discern precisely what this

---

[2]  Most of BroadcastUrban's objections are related to allegedly "unreasonable duplication of efforts" by Lewis's attorneys.  See Sur-Reply ¶¶ 4, 5.  Although BroadcastUrban is likely correct that Lewis's counsel might have been able to prepare the Petition using fewer attorneys, Lewis's judgment to employ a small team and hire local counsel is not such an "unreasonable" departure from the norm that the Court is inclined to nit-pick individual billing entries for alleged excess.  See, e.g., Judicial Watch, 774 F. Supp. 2d at 232 ("[B]illing judgment is just that— judgment.").  Considering that over $100,000 was at stake—apparently due to BroadcastUrban's refusal to satisfy the arbitration award absent Court intervention, Supp. Aff. of Kevin A. Fritz ¶ 3—the Court is willing to credit the affidavits in the record, all declaring under penalty of perjury that the fees generated on this matter were reasonable and necessary.  See Aff. of Kevin A. Fritz ¶¶ 10-13; Supp. Aff. of Kevin A. Fritz ¶¶ 5-6; Supp. Aff. of Jeffrey M. Mervis ¶¶ 3, 6.

"determination" was for, but it seems unlikely to be related to preparing Lewis's Petition—Jamie Foxx is an award-winning actor, not an attorney.[3]  For that reason, the Court will deduct all 1.75 hours (and thus, $962.50) from this bill, because it is impossible to determine how much of the 1.75 hours listed in this billing entry were devoted to this (seemingly unrelated) request regarding Jamie Foxx.

Accordingly, for the reasons set forth above, it is hereby

**ORDERED** that [1] the Petition is **GRANTED**; it is further

**ORDERED** that the Final Arbitration Award rendered on March 20, 2013 in favor of Petitioner, Loida Nicolas Lewis ("Lewis"), in the arbitration styled <u>BroadcastUrban FilmWorks, LLC v. Loida Nicolas Lewis</u>, before the Independent Film and Television Alliance International Arbitration Tribunal, Case No. 12-50, is hereby **CONFIRMED**; it is further

**ORDERED** that judgment is entered in favor of Lewis and against respondent, BroadcastUrban Filmworks, LLC for the sum of $129,375.92, with interest thereon from March 20, 2013 until paid at the rate prescribed by D.C. Code § 28-3302(c); it is further

**ORDERED** that judgment is entered in favor of Lewis and against BroadcastUrban in the amount of $7,913.39 for attorney's fees, and $400.00 for costs incurred in preparing and filing the Petition; and it is further

**ORDERED** that the Clerk of the Court shall mail a copy of this Order to BroadcastUrban Filmworks at the following address: 1300 Pennsylvania Avenue, NW, 7th Floor, Washington, D.C. 20004.

---

[3] To be sure, Jamie Foxx once planned to star in a film based on the life of the famous attorney and businessman Reginald F. Lewis—the protagonist of the literary work that spawned this arbitration.  <u>See</u> Ex. B to Aff. of Kevin A. Fritz [ECF No. 1-3] at 12.  But any "response" to Mr. Foxx from petitioner's counsel was presumably about some other facet of this matter, irrelevant to the preparation of this Petition.

**SO ORDERED**.

_____
/s/
JOHN D. BATES
United States District Judge

Dated:  <u>February 21, 2014</u>